ROBERT C. STODDARD, EXECUTOR, *vs.* WILLIAM H.
CORBIN, TAX COMMISSIONER.

Third Judicial District, New Haven, January Term, 1920.
PRENTICE, C. J., WHEELER, BEACH, GAGER and CASE, Js.

General Statutes, § 1190, provides that "all taxable property " of
the estate of a deceased person upon which no State or municipal
tax has been paid during the year preceding the date of the
decedent's death, shall be liable to a tax of two per cent per annum
for five years, subject to proportionate deduction for nonowner-
ship and for payment of taxes during that period.    *Held* that
bonds issued by a town in this State prior to April 1st, 1917, and
not specifically exempt from taxation by an Act of the legislature,
were "taxable property," and as such were subject to the pro-
visions of § 1190, although they were apparently issued and sold
by the town and purchased by the decedent on the assumption
that they were nontaxable.

It is for the legislature and not for the town to determine whether
municipal bonds are taxable.

Under the Act of 1917 (General Statutes, § 1222), "all bonds, notes
and other evidences of indebtedness " issued after April 1st, 1917,
by the United States, or by any county, town, city, borough, or
other municipal taxing district of this State, are exempt from
taxation.

Submitted on briefs January 22d—decided April 17th, 1920.

APPLICATION in the nature of an appeal from the
action of the Tax Commissioner in demanding a tax
of two per cent for five years on the appraised inventory
value of certain bonds issued by the town of Milford
which had never been assessed or taxed by said town,
brought to and reserved by the Superior Court in
New Haven County, *Warner, J.*, upon an agreed state-
ment of facts, for the advice of this court. *Judgment
advised for defendant.*

The applicant brings this appeal as executor of the
estate of Sarah F. Stoddard, a resident of the town of
Milford, who died in October, 1917. The inventory

of her estate included eight four per cent bonds of the town of Milford on which no tax had ever been paid either to the town or to the State. The Tax Commissioner, acting pursuant to Chapter 243 of the Public Acts of 1917, now § 1190 of the General Statutes, assessed a tax of two per cent per annum on the appraised value of the bonds for the five years next preceding the death of Mrs. Stoddard, from which assessment the executor appeals.

The questions of law on which the advice of this court is asked are as follows:—

(1) Whether or not the eight $1,000 bonds of the town of Milford were taxable by the town of Milford while said eight bonds were owned by the said Sarah F. Stoddard?

(2) Whether or not said estate of Sarah F. Stoddard is liable for the deficiency tax of $784 as determined by the Tax Commissioner of the State of Connecticut?

(3) Whether or not the said Robert C. Stoddard, as executor upon the estate of Sarah F. Stoddard, is aggrieved by the action of said Tax Commissioner in determining said taxes at $784, because no taxes have been assessed or paid upon said eight bonds during the year preceding the date of the death of said Sarah F. Stoddard?

It is found that the bonds in question were part of an issue of $50,000, 25 year 4% bonds, dated July 1st, 1911, issued by authority of a vote of the town of Milford which provided, among other things, that they should be sold at not less than par. They were purchased by Sarah F. Stoddard on July 8th, 1911, at par and interest. There is no statement on the face of the bonds as to whether they are taxable or not. The assessors of the town of Milford supposed and believed the bonds were not taxable by the town. No taxes have ever been assessed or paid on them, and

Sarah F. Stoddard would not have bought the bonds if she had understood they were taxable.

*William B. Stoddard, Jacob P. Goodhart* and *Robert C. Stoddard,* for the plaintiff.

*Frank E. Healy,* Attorney-General, *Charles W. Cramer* and *Arthur E. Howard, Jr.,* for the defendant.

BEACH, J.  It is quite evident from the facts found that these bonds were issued and sold by the town of Milford and bought by Mrs. Stoddard on the assumption that they were nontaxable bonds; and it may therefore be supposed that the town would not of its own motion have attempted to subject them to municipal taxation.  The assessment complained of did not, however, originate with the town of Milford, but with the Tax Commissioner, acting pursuant to § 1190 of the General Statutes.  That statute provides that "all taxable property " of the estate of any deceased person upon which no State or municipal tax has been paid during the year preceding the date of the death of the decedent shall be liable to a tax at the rate of two per centum per annum for five years, subject to proportionate deduction for nonownership and for payment of taxes during that period.

It must be admitted that whether municipal bonds are taxable or not is a question for the State, and not for the several municipalities, to decide.  Besides, the State tax imposed on the several towns is apportioned with reference to the amount of taxes collected in each town, and so the State is financially interested in the collection of town taxes on all taxable property.  General Statutes, §§ 1223–1226.

The statutes in force in 1911–1917 which bear directly on the question whether town bonds, not specif-

ically exempted, were then taxable, were § 2323 (Rev. 1902), providing that "all notes, bonds, and stocks, not issued by the United States," and belonging to any resident, should be set in his list at their actual valuations; and Chapter 91 of the Public Acts of 1903, at that time the latest revision of the Exemption Act, which exempted bonds of the State of Connecticut issued pursuant to any Act which provided for their exemption from taxation, and municipal bonds issued in aid of certain named railroads. These exemptions have no application to this case, and therefore the simple question is whether these bonds are included in the proper construction of the phrase "all notes, bonds, and stocks, not issued by the United States."

Tracing this phrase back to its statutory origin, we find that in 1836 it was enacted that "all moneys and debts at interest . . . except moneys loaned to this State, . . . all moneys on interest secured by mortgage on real estate, . . . all moneys invested in any stocks issued or created by any city, town or other community, . . . shall be valued and set in the list of the owner at six per cent." Compiled Statutes, 1838, p. 604, § 2. Under this statute it is certain that all municipal bonds not specifically exempted were taxable.

In the Revision of 1849 the material phrases are as follows: "All moneys and debts at interest, evidenced by bonds, notes, or other written obligations, . . . except moneys lent to this State, . . . all moneys invested in any stock of the United States, . . . or in stocks issued or created by any city, town, or other community, shall be valued, and set in the list of the owner at six per cent." p. 607, § 23.

In 1851 the General Assembly recognized the fact that the State had no power to tax stocks of the United States, and with that exception the phrase whose

history we are following was re-enacted in this comprehensive though abbreviated form: "Personal property, in this State or elsewhere, not expressly exempted by this Act, shall be deemed, for the purpose of taxation, to include all moneys, credits, choses in action, bonds, notes, stocks (except United States stocks), goods, chattels, or effects, or any interest therein." Public Acts of 1851, Chap. 47, § 8. There is no exemption of town bonds by this Act, and it is difficult to avoid the conclusion that the former policy of taxing municipal bonds, unless specially exempted from taxation, was intended to be continued by this Act. From 1851 to the present time our statutes have provided that all notes, bonds and stocks not issued by the United States shall be listed for taxation.

In 1869 the General Assembly exempted from taxation all bonds issued or to be issued by any town in aid of four named railroad companies. Public Acts of 1869, Chap. 10. See also 6 Special Acts, p. 613. This exemption was incorporated into the General Exemption Act in 1875, and has been retained there ever since.

Other municipal bonds have been exempted by legislation limited to the particular issue authorized or referred to, but, so far as we are advised, the Act of 1869 was the only general legislation exempting municipal bonds from taxation, until the Act of 1917, now § 1222 of the General Statutes, which exempts from taxation "all bonds, notes and other evidences of indebtedness issued after April 1, 1917, by the United States government [sic] or any county, town, city, borough or other municipal taxing district of this state."

The course of legislation thus reviewed expresses so plainly the policy of this State as to the taxation of municipal bonds issued prior to April 1st, 1917,

and not specially exempted, that we are forced to the conclusion that the bonds in question were taxable property of the estate of Sarah F. Stoddard at the time of her death. It is admitted that no State or town taxes have been paid on these bonds, and that they were owned by Mrs. Stoddard for more than five years next before her death.

The first and second questions reserved are answered in the affirmative, and the third in the negative. The Superior Court is advised to render judgment for the defendant.

No costs will be taxed in this court.

In this opinion the other judges concurred.